E. BRYAN WILSON
Acting United States Attorney

CHRISTOPHER D. SCHROEDER
KAREN VANDERGAW
Assistant U.S. Attorneys
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, AK 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: christopher.schroeder@usdoj.gov
Email: karen.vandergaw@usdoj.gov

Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>RENE ALEJANDRO POMPA-VILLA, a/k/a "Patna," a/k/a "Christian Alexander Marrero-Ocasio," a/k/a "Felix Berrios," a/k/a "Mario Rodriguez-Albelo," a/k/a "Jorge Arzuaga-Ortiz," and a/k/a "Victor Rivera-Diaz," CHRISTOPHER POMPA-VILLA, VICTOR AUGUSTIN POMPA-VILLA, CARLOS ARMANDO CAMACHO, HEYDIMAR CARRION MARRERO, KIMBERLY RENEE MACKEY, DUSTIN ROBERT NOONAN, TYLER JON LANDROCHE, KYLE JAY REDPATH, and JESSICA TWIGG,<br><br>Defendants. | No. 3:21-cr-00031-JMK-DMS<br><br>COUNT 1:<br>CONTINUING CRIMINAL ENTERPRISE<br> Vio. of 21 U.S.C. §§ 848(a), (b)<br><br>COUNT 2:<br>CONSPIRACY TO DISTRIBUTE AND POSSESS WITH INTENT TO DISTRIBUTE CONTROLLED SUBSTANCES<br> Vio. of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A)<br><br>COUNTS 3-4:<br>DISTRIBUTION OF A CONTROLLED SUBSTANCE<br> Vio. of 21 U.S.C. § 841(a)(1), (b)(1)(C) |

)  COUNT 5:
)  POSSESSION OF A CONTROLLED
)  SUBSTANCE WITH INTENT TO
)  DISTRIBUTE
)     Vio. of 21 U.S.C. § 841(A)(1),
)  (B)(1)(A)
)
)  COUNTS 6 and 12:
)  POSSESSION OF A FIREARM IN
)  FURTHERANCE OF A DRUG
)  TRAFFICKING CRIME
)     Vio. of 18 U.S.C. § 924(c)(1)(A)(i)
)
)  COUNTS 7 and 20:
)  ATTEMPTED POSSESSION OF A
)  CONTROLLED SUBSTANCE WITH
)  INTENT TO DISTRIBUTE
)     Vio. of 21 U.S.C. §§ 846 and
)  841(a)(1), (b)(1)(A)
)
)  COUNTS 8, 10, 11, 15, 17, 21, 22:
)  ATTEMPTED POSSESSION OF A
)  CONTROLLED SUBSTANCE WITH
)  INTENT TO DISTRIBUTE
)     Vio. of 21 U.S.C. §§ 846 and
)  841(a)(1), (b)(1)(B)
)
)  COUNTS 9 and 23:
)  POSSESSION OF A CONTROLLED
)  SUBSTANCE WITH INTENT TO
)  DISTRIBUTE
)     Vio. of 21 U.S.C. § 841(a)(1),
)  (b)(1)(C)
)
)  COUNT 13:
)  DESTRUCTION, ALTERATION, OR
)  FALSIFICATION OF RECORDS IN
)  A FEDERAL INVESTIGATION
)     Vio. of 18 U.S.C. § 1519
)
)
)
)

| | COUNT 14: |
|---|---|
| ) | FELON IN POSSESSION OF A |
| ) | FIREARM |
| ) |   Vio. of 18 U.S.C. § 922(G)(1) AND |
| ) | 924(A)(2) |
| ) | |
| ) | COUNTS 16, 18, 19, 23: |
| ) | ATTEMPTED POSSESSION OF A |
| ) | CONTROLLED SUBSTANCE WITH |
| ) | INTENT TO DISTRIBUTE |
| ) |   Vio. OF 21 U.S.C. §§ 846 AND |
| ) | 841(A)(1), (B)(1)(C) |
| ) | |
| ) | COUNT 24: |
| ) | MONEY LAUNDERING |
| ) | CONSPIRACY |
| ) |   Vio. of 18 U.S.C. § 1956(h) |
| ) | |
| ) | COUNTS 25-28: |
| ) | LAUNDERING OF MONETARY |
| ) | INSTRUMENTS |
| ) |   Vio. of 18 U.S.C. § 1956(a)(1)(A)(i), |
| ) | (a)(1)(B)(i) |
| ) | |
| ) | CRIMINAL FORFEITURE |
| ) | ALLEGATION 1: |
| ) |   18 U.S.C. § 982(a)(1), and 28 U.S.C. |
| ) | § 2461(C) |
| ) | |
| ) | CRIMINAL FORFEITURE |
| ) | ALLEGATION 2: |
| ) |   18 U.S.C. § 924(d)(1) |
| ) | |

# I N D I C T M E N T

The Grand Jury charges that:

## COUNT 1

From in and at least sometime in 2018, the exact date being unknown to the Grand

Jury, and continuously thereafter up through and including October 2, 2021, within the

District of Alaska, and elsewhere, the defendants, RENE ALEJANDRO POMPA-VILLA and CHRISTOPHER POMPA-VILLA, did unlawfully, knowingly, and intentionally engage in a continuing criminal enterprise, in that they unlawfully, knowingly, and intentionally violated 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A), which violations include, but are not limited to, the offenses charged in Count 1 of this Indictment and the offenses committed in furtherance thereof, including conspiracy to distribute and possess with intent to distribute controlled substances, including methamphetamine, and attempted possession of controlled substances, including methamphetamine, with intent to distribute, which violations were part of a continuing series of violations of the Controlled Substances Act, 21 U.S.C. § 801 et seq., undertaken by the defendants, RENE ALEJANDRO POMPA-VILLA and CHRISTOPHER POMPA-VILLA, in concert with at least five other persons with respect to whom RENE ALEJANDRO POMPA-VILLA and CHRISTOPHER POMPA-VILLA occupied the position of organizers, supervisors, and any position of management, and from which such continuing series of violations the defendants obtained substantial income and resources.

Furthermore, the defendants, RENE ALEJANDRO POMPA-VILLA and CHRISTOPHER POMPA-VILLA, were each principal administrators, organizers, supervisors, and leaders of the criminal enterprise which involved conspiracy to distribute and possess with intent to distribute, attempted possession with intent to distribute, and distribution of one kilograms or more of methamphetamine (actual), a schedule II controlled substance.

All in violation of 21 U.S.C. § 848(a), (b).

Beginning on a date in 2018, the exact date being unknown to the Grand Jury, and continuing until on or about the date of this Indictment, in the District of Alaska and elsewhere, RENE ALEJANDRO POMPA-VILLA, a/k/a "Patna," a/k/a "Christian Alexander Marrero-Ocasio," a/k/a "Felix Berrios," a/k/a "Mario Rodriguez-Albelo," a/k/a "Jorge Arzuaga-Ortiz," and a/k/a "Victor Rivera-Diaz," CHRISTOPHER POMPA-VILLA, VICTOR AUGUSTIN POMPA-VILLA, CARLOS ARMANDO CAMACHO, HEYDIMAR CARRION MARRERO, KIMBERLY RENEE MACKEY, DUSTIN ROBERT NOONAN, TYLER JON LANDROCHE, KYLE JAY REDPATH, and JESSICA TWIGG, defendants herein, did knowingly and intentionally combine, conspire, confederate, and agree together, and with others known and unknown to the Grand Jury, to commit offenses against the United States in violation of 21 U.S.C. § 846, as follows:

OBJECTS OF THE CONSPIRACY

1.    To knowingly distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A).

2.    To knowingly possess with the intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A).

3.    To knowingly distribute one kilogram or more of a mixture or substance containing a detectable amount of heroin, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A).

4.      To knowingly possess with the intent to distribute one kilogram or more of a mixture or substance containing a detectable amount of heroin, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A).

5.      To knowingly distribute 400 grams or more of a mixture or substance containing a detectable amount of fentanyl, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A).

6.      To knowingly possess with the intent to distribute 400 grams or more of a mixture or substance containing a detectable amount of fentanyl, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A).

## MANNER AND MEANS OF THE CONSPIRACY

In order to accomplish the objects of the conspiracy, the defendants and other persons known and unknown to the Grand Jury:

1.      Possessed with the intent to distribute and distributed methamphetamine, heroin, and fentanyl to other individuals both known and unknown to the Grand Jury.

2.      Acquired quantities of methamphetamine, heroin, and fentanyl from sources located in, but not limited to, Arizona and California.

3.      Arranged for the transport of quantities of methamphetamine, heroin, and fentanyl from Arizona, California, and elsewhere to the District of Alaska and elsewhere.

4.      Maintained locations and residences in Anchorage, Alaska, where methamphetamine, heroin, and fentanyl were brought to be divided among conspirators for distribution within the District of Alaska and elsewhere.

5.      Collected, stored, and transported sums of United States Currency derived from the sale of methamphetamine, heroin, and fentanyl.

6.      Acquired certain assets, including houses, guns, and vehicles, to facilitate the distribution of methamphetamine.

7.      Used electronic communications equipment to further their narcotics conspiracy by use of cellular telephones, via standard cellular telephone service and social media platforms, to communicate with co-conspirators both known and unknown to the Grand Jury and with customers to whom they distributed methamphetamine.

OVERT ACTS OF THE CONSPIRACY

In furtherance of the conspiracy and to effect and accomplish its objectives, the defendants, and others known and unknown to the Grand Jury, committed the following overt acts, among others, in the District of Alaska and elsewhere:

1.      On or about March 26, 2018, RENE ALEJANDRO POMPA-VILLA mailed a parcel containing approximately 223 grams of a mixture or substance containing a detectable amount of fentanyl and 1.6 kilograms of a mixture or substance containing a detectable amount of methamphetamine from Tucson, Arizona to an individual in Dayton, Ohio.

2.      On or about April 27, 2018, RENE ALEJANDRO POMPA-VILLA made a false statement in an application for a passport in Tucson, Arizona with the intent to induce and secure the issuance of a passport under the authority of the United States for his own use contrary to the laws regulating the issuance of passports or the rules prescribed pursuant to such laws.

3. On or about May 21, 2018, an individual in Springfield, Massachusetts mailed a parcel containing approximately 186 grams of fentanyl to RENE ALEJANDRO POMPA-VILLA in Tucson, Arizona.

4. On or about June 18, 2019, a conspirator possessed with the intent to distribute approximately 136 grams of heroin and 111 grams of methamphetamine (actual) within the District of Alaska that KIMBERLY RENEE MACKEY distributed to the conspirator.

5. On or about June 18, 2019, KIMBERLY RENEE MACKEY knowingly and intentionally distributed approximately 38 grams of a mixture or substance containing a detectable amount of heroin within the District of Alaska.

6. On or about June 19, 2019, KIMBERLY RENEE MACKEY knowingly and intentionally distributed approximately 38 grams of a mixture or substance containing a detectable amount of heroin within the District of Alaska.

7. On or about June 20, 2019, KIMBERLY RENEE MACKEY knowingly and intentionally possessed with intent to distribute approximately 1.3 kilograms of methamphetamine (actual), 1.8 kilograms of heroin, and $81,165.00 in drug proceeds, within the District of Alaska.

8. On or about June 20, 2019, KIMBERLY RENEE MACKEY knowingly possessed a Hi-Point Model JCP pistol to protect methamphetamine, heroin, and the proceeds of the drug conspiracy, within the District of Alaska.

//

//

9. On or about June 24, 2019, CHRISTOPHER POMPA-VILLA mailed a parcel containing approximately 864 grams of methamphetamine (actual) from Tucson, Arizona to KIMBERLY RENEE MACKEY in the District of Alaska.

10. On or about August 6, 2019, CHRISTOPHER POMPA-VILLA mailed a parcel containing approximately 372 grams of heroin from Tucson, Arizona to KYLE JAY REDPATH in the District of Alaska.

11. On or about September 1, 2019, TYLER JON LANDROCHE possessed with the intent to distribute approximately 28 grams of a mixture or substance containing a detectable amount of heroin in the District of Alaska.

12. On or about September 9, 2019, TYLER JON LANDROCHE mailed a parcel containing $10,000 of the proceeds of drug transactions from the District of Alaska to CHRISTOPHER POMPA-VILLA in Tucson, Arizona, which was received by a conspirator on or about September 17, 2019.

13. On or October 9, 2019, TYLER JON LANDROCHE mailed a parcel containing $3,500 in money orders, which were the proceeds of drug transactions from the District of Alaska, to a conspirator in Tucson, Arizona.

14. On or about November 19, 2019, CHRISTOPHER POMPA-VILLA mailed a parcel containing approximately 151 grams of heroin from Tucson, Arizona to TYLER JON LANDROCHE in the District of Alaska.

15. On or about December 5, 2019, CHRISTOPHER POMPA-VILLA mailed a parcel containing approximately 352 grams of heroin from Las Vegas, Nevada to KYLE JAY REDPATH in the District of Alaska.

16.     On or about December 10, 2019, KYLE JAY REDPATH knowingly possessed a Ruger SR9c 9mm firearm to protect a parcel of fentanyl and the proceeds of drug trafficking within the District of Alaska.

17.     On or about December 10, 2019, CHRISTOPHER POMPA-VILLA and RENE ALEJANDRO POMPA-VILLA mailed a parcel containing approximately 159 grams of heroin from Tucson, Arizona to an individual in Detroit, Michigan.

18.     On or about December 11, 2019, KYLE JAY REDPATH remotely erased the contents of his Samsung Galaxy Note 10 cellular telephone to impede or obstruct the investigation of a matter within the jurisdiction of the Drug Enforcement Administration, within the District of Alaska.

19.     On or about February 3, 2020, RENE ALEJANDRO POMPA-VILLA mailed a parcel containing approximately one kilogram of heroin from Tucson, Arizona to an individual in New York City, New York.

20.     On March 1, 2020, an individual in New York City, New York mailed a parcel containing $9,000 in U.S. Currency as the proceeds of drug trafficking to CARLOS ARMANDO CAMACHO in San Diego, California.

21.     On or about March 20, 2020, HEYDIMAR CARRION MARRERO mailed a parcel containing more than one kilogram of fentanyl from Tucson, Arizona to an individual in New York City, New York.

22.     On or about April 6, 2020, CARLOS ARMANDO CAMACHO mailed a parcel containing approximately 501 grams of heroin from San Diego, California to DUSTIN ROBERT NOONAN in the District of Alaska.

23.     On or about April 12, 2020, RENE ALEJANDRO POMPA-VILLA directed TYLER JON LANDROCHE to pay him proceeds from drug trafficking within the District of Alaska.

24.     On or about April 16, 2020, CARLOS ARMANDO CAMACHO mailed a parcel containing approximately 88 grams of heroin from San Diego, California to DUSTIN ROBERT NOONAN in the District of Alaska.

25.     On or about April 18, 2020, RENE ALEJANDRO POMPA-VILLA sent a text message to TYLER JON LANDROCHE, who was within the District of Alaska, saying that he needed LANDROCHE to pay him $20,000 in drug proceeds.

26.     On or about April 23, 2020, in Tucson, Arizona, RENE ALEJANDRO POMPA-VILLA deposited $3,800 in the proceeds of drug trafficking into Wells Fargo bank account number xxxxxx5871, controlled by VICTOR AUGUSTIN POMPA-VILLA.

27.     On or about April 23, 2020, RENE ALEJANDRO POMPA-VILLA told TYLER JON LANDROCHE, who was within the District of Alaska, that he would have another conspirator distribute approximately 230 grams of heroin to LANDROCHE.

28.     On or about April 24, 2020, in Tucson, Arizona, RENE ALEJANDRO POMPA-VILLA deposited $1,200 in the proceeds of drug trafficking into Wells Fargo bank account number xxxxxx5871, controlled by VICTOR AUGUSTIN POMPA-VILLA.

29.     On or about April 21, 2020, CARLOS ARMANDO CAMACHO mailed a parcel containing approximately 182 grams of heroin from San Diego, California to TYLER JON LANDROCHE in the District of Alaska.

//

30.     On or about May 18, 2020, CARLOS ARMANDO CAMACHO mailed a parcel containing more than one kilogram of fentanyl from San Diego, California to DUSTIN ROBERT NOONAN in the District of Alaska.

31.     On or about May 25, 2020, an individual mailed a parcel containing approximately 207 grams of heroin from San Diego, California to DUSTIN ROBERT NOONAN in the District of Alaska.

32.     On or about October 2, 2020, JESSICA TWIGG and three other conspirators went to the Ted Stevens Anchorage International Airport in the District of Alaska to board a flight to San Diego, California for the purpose of obtaining heroin for later distribution in Alaska.

33.     On or about October 2, 2020, JESSICA TWIGG possessed with the intent to distribute approximately 8 grams of heroin and 11 grams of methamphetamine (actual).

All in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A).

## COUNT 3

On or about June 18, 2019, within the District of Alaska, the defendant, KIMBERLY RENEE MACKEY, did knowingly and intentionally distribute a mixture or substance containing a detectable amount of heroin.

All of which is in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C).

## COUNT 4

On or about June 19, 2019, within the District of Alaska, the defendant, KIMBERLY RENEE MACKEY, did knowingly and intentionally distribute a mixture or substance containing a detectable amount of heroin.

All of which is in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C).

## COUNT 5

On or about June 20, 2019, within the District of Alaska, the defendant, KIMBERLY RENEE MACKEY, did knowingly and intentionally possess with intent to distribute a controlled substance, to wit: 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine and one kilogram or more of a mixture or substance containing a detectable amount of heroin.

All of which is in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A).

## COUNT 6

On or about June 20, 2019, within the District of Alaska, defendant, KIMBERLY RENEE MACKEY, did knowingly carry a firearm, to wit: a Hi Point Model JCP pistol, during and in relation to a drug trafficking crime for which she may be prosecuted in a court of the United States, all in relation to a conspiracy to possess with intent to distribute and to distribute controlled substances as alleged in Count 2.

All of which is in violation of 18 U.S.C. § 924(c)(1)(A)(i).

## COUNT 7

On or about June 24, 2019, within the District of Alaska, the defendants, CHRISTOPHER POMPA-VILLA, and KIMBERLY RENEE MACKEY, did knowingly and intentionally attempt to possess with intent to distribute a controlled substance, to wit: 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine.

All of which is in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A).

## COUNT 8

On or about August 8, 2019, within the District of Alaska, the defendants, CHRISTOPHER POMPA-VILLA, and KYLE JAY REDPATH, did knowingly and intentionally attempt to possess with intent to distribute a controlled substance, to wit: 100 grams or more of a mixture or substance containing a detectable amount of heroin.

All of which is in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(B).

## COUNT 9

On or about September 1, 2019, within the District of Alaska, the defendant, TYLER JON LANDROCHE, did knowingly and intentionally possess with intent to distribute a controlled substance, to wit: a mixture or substance containing a detectable amount of heroin.

All of which is in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C).

## COUNT 10

On or about November 19, 2019, through November 22, 2019, within the District of Alaska, the defendants, CHRISTOPHER POMPA-VILLA, and TYLER JON LANDROCHE, did knowingly and intentionally attempt to possess with intent to distribute a controlled substance, to wit: 100 grams or more of a mixture or substance containing a detectable amount of heroin.

All of which is in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(B).

## COUNT 11

Between December 5, 2019, and December 10, 2019, within the District of Alaska, the defendants, CHRISTOPHER POMPA-VILLA, and KYLE JAY REDPATH, did

knowingly and intentionally attempt to possess with intent to distribute a controlled substance, to wit: 100 grams or more of a mixture or substance containing a detectable amount of heroin.

All of which is in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(B).

## COUNT 12

On or about December 10, 2019, within the District of Alaska, defendant, KYLE JAY REDPATH, did knowingly carry a firearm, to wit: a Ruger SR9c 9mm firearm, during and in relation to a drug trafficking crime for which he may be prosecuted in a court of the United States, all in relation to a conspiracy to possess with intent to distribute and to distribute controlled substances as alleged in Count 2.

All of which is in violation of 18 U.S.C. § 924(c)(1)(A)(i).

## COUNT 13

On or about December 11, 2019, within the District of Alaska, the defendant, KYLE JAY REDPATH, did knowingly alter, destroy, mutilate, conceal, covers up, falsify, and made a false entry in any record, document, and tangible object with the intent to impede, obstruct, and influence the investigation and proper administration of any matter within the jurisdiction of any department or agency of the United States, and in relation to or contemplation of any such matter or case.

All of which is in violation of 18 U.S.C. § 1519.

## COUNT 14

On or about March 20, 2020, within the District of Alaska, defendant, TYLER JON LANDROCHE, having previously been convicted of a crime punishable by imprisonment

for a term exceeding one year, and knowing of such conviction, did knowingly possess in and affecting interstate commerce, a firearm, to wit: a 9mm Ruger Security-9 pistol.

Prior Convictions – Tyler Jon Landroche

| Conviction Date | Offense | Court | Case No. |
|---|---|---|---|
| April 7, 2006 | Theft 2 | Alaska Superior Court | 3AN-05-10652CR |
| July 25, 2016 | Criminal Mischief 3 | Alaska Superior Court | 3AN-15-05043CR |
| August 10, 2016 | Vehicle Theft 1 | Alaska Superior Court | 3PA-15-01194CR |

All of which is in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2).

COUNT 15

On or about April 6, 2020, within the District of Alaska, the defendants, CARLOS ARMANDO CAMACHO, and DUSTIN ROBERT NOONAN, did knowingly and intentionally attempt to possess with intent to distribute a controlled substance, to wit: 100 grams or more of a mixture or substance containing a detectable amount of heroin.

All of which is in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(B).

COUNT 16

Between April 16, 2020, and April 17, 2020, within the District of Alaska, the defendants, CARLOS ARMANDO CAMACHO, and DUSTIN ROBERT NOONAN, did knowingly and intentionally attempt to possess with intent to distribute a controlled substance, to wit: a mixture or substance containing a detectable amount of heroin.

All of which is in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(C).

<u>COUNT 17</u>

Between April 21, 2020, and April 25, 2020, within the District of Alaska, the defendant, CARLOS ARMANDO CAMACHO, did knowingly and intentionally attempt to possess with intent to distribute a controlled substance, to wit:  100 grams or more of a mixture or substance containing a detectable amount of heroin.

All of which is in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(B).

<u>COUNT 18</u>

On or about May 4, 2020, within the District of Alaska, the defendant, DUSTIN ROBERT NOONAN, did knowingly and intentionally attempt to possess with intent to distribute a controlled substance, to wit:  a mixture or substance containing a detectable amount of 3,4-Methylenedioxymethamphetamine (MDMA).

All of which is in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(C).

<u>COUNT 19</u>

Between May 8, 2020, and May 12, 2020, within the District of Alaska, the defendant, DUSTIN ROBERT NOONAN, did knowingly and intentionally attempt to possess with intent to distribute a controlled substance, to wit:  a mixture or substance containing a detectable amount of 3,4-Methylenedioxymethamphetamine (MDMA) Hydrochloride.

All of which is in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(C).

//

//

Between May 18, 2020, and May 19, 2020, within the District of Alaska, the defendants, CARLOS ARMANDO CAMACHO, and DUSTIN ROBERT NOONAN, did knowingly and intentionally attempt to possess with intent to distribute a controlled substance, to wit:  400 grams or more of a mixture or substance containing a detectable amount of fentanyl.

All of which is in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A).

### COUNT 21

Between May 25, 2020, and May 29, 2020, within the District of Alaska, the defendant, DUSTIN ROBERT NOONAN, did knowingly and intentionally attempt to possess with intent to distribute a controlled substance, to wit:  100 grams or more of a mixture or substance containing a detectable amount of heroin.

All of which is in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(B).

### COUNT 22

On or about June 12, 2020, within the District of Alaska, the defendant, DUSTIN ROBERT NOONAN, did knowingly and intentionally attempt to possess with intent to distribute a controlled substance, to wit:  40 grams or more of a mixture or substance containing a detectable amount of fentanyl.

All of which is in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(B).

### COUNT 23

On or about October 2, 2020, within the District of Alaska, the defendant, JESSICA TWIGG, did knowingly and intentionally possess with intent to distribute a controlled

substance, to wit: a mixture or substance containing a detectable amount of heroin and a mixture or substance containing a detectable amount of methamphetamine.

All of which is in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C).

<u>COUNT 24</u>

Beginning on or about October 18, 2016 and continuing through October 2, 2020, within the District of Alaska and elsewhere, the defendants, RENE ALEJANDRO POMPA-VILLA, a/k/a "Patna," a/k/a "Christian Alexander Marrero-Ocasio," a/k/a "Felix Berrios," a/k/a "Mario Rodriguez-Albelo," a/k/a "Jorge Arzuaga-Ortiz," and a/ka "Victor Rivera-Diaz," CHRISTOPHER POMPA-VILLA, VICTOR AUGUSTIN POMPA-VILLA, CARLOS ARMANDO CAMACHO, DUSTIN ROBERT NOONAN, TYLER JON LANDROCHE, and KYLE JAY REDPATH, did knowingly and intentionally combine, conspire, confederate, and agree with other persons known and unknown to the grand jury to commit offenses against the United States in violation of 18 U.S.C. § 1956, to wit: (a) to knowingly conduct and attempt to conduct financial transactions affecting interstate and foreign commerce, which transactions involved the proceeds of a specified unlawful activity, that is, the unlawful distribution of controlled substances in violation of 21 U.S.C. § 841(a)(1), with the intent to promote the carrying on of the unlawful distribution of controlled substances, and that while conducting and attempting to conduct such financial transactions knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity in violation of 18 U.S.C. § 1956(a)(1)(A)(i); and (b) to knowingly conduct and attempt to conduct financial transactions affecting interstate commerce and foreign commerce, which transactions

Case 3:21-cr-00031-RRB-MMS   Document 2   Filed 03/18/21   Page 19 of 25

involved the proceeds of specified unlawful activity, that is, the unlawful distribution of a controlled substance in violation of 21 U.S.C. § 841(a)(1), knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and that while conducting and attempting to conduct such financial transactions, knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity.

OVERT ACTS OF THE CONSPIRACY

In furtherance of the conspiracy and to effect and accomplish its objectives, the Defendants, and others known and unknown to the Grand Jury, committed the following overt acts, among others, in the District of Alaska and elsewhere:

| | Defendants | Date | Financial Transaction |
|---|---|---|---|
| a. | CARLOS ARMANDO CAMACHO | October 18, 2016 to October 31, 2017 | Opened and maintained a Wells Fargo account number xxxxxx9966 that he used to launder approximately $200,000 in the proceeds of drug distribution |
| b. | CARLOS ARMANDO CAMACHO | October 3, 2017 to February 28, 2018 | Opened and maintained a Wells Fargo account number xxxxxx7856 that he used to launder approximately $40,000 in the proceeds of drug distribution |
| c. | TYLER JON LANDROCHE, CHRISTOPHER POMPA-VILLA | September 9, 2019 | Parcel containing $10,000.00 in U.S. Currency sent from the District of Alaska to Tucson, Arizona |
| d. | TYLER JON LANDROCHE | October 9, 2019 | Parcel containing $3,500.00 in money orders sent from the District of Alaska to Tucson, Arizona |

| | | | |
|---|---|---|---|
| e. | KYLE JAY REDPATH, VICTOR AUGUSTIN POMPA-VILLA | November 4, 2019 | Edeposit of $3,500.00 into Wells Fargo account number xxxxxx5871 |
| f. | TYLER JON LANDROCHE, VICTOR AUGUSTIN POMPA-VILLA | December 2, 2019 | Edeposit of $900.00 into Wells Fargo account number xxxxxx5871 |
| g. | RENE ALEJANDRO POMPA-VILLA, VICTOR AUGUSTIN POMPA-VILLA | March 17, 2020 | ATM check deposit of $2,000.00 into Wells Fargo account number xxxxxx5871 |
| h. | RENE ALEJANDRO POMPA-VILLA, VICTOR AUGUSTIN POMPA-VILLA | April 23, 2020 | ATM check deposit of $3,800.00 into Wells Fargo account number xxxxxx5871 |
| i. | RENE ALEJANDRO POMPA-VILLA, VICTOR AUGUSTIN POMPA-VILLA | April 24, 2020 | ATM check deposit of $1,200.00 into Wells Fargo account number xxxxxx5871 |

All of which is in violation of 18 U.S.C. § 1956(h).

<u>COUNTS 25-28</u>

On or about the dates set forth below, within the District of Alaska and elsewhere, the defendants, VICTOR AUGUSTIN POMPA-VILLA, CHRISTOPHER POMPA-VILLA, TYLER JON LANDROCHE, and KYLE JAY REDPATH, did knowingly engage in financial transactions, affecting interstate and foreign commerce, which involved the proceeds of a specified unlawful activity, that is, the unlawful distribution of controlled substances in violation of 21 U.S.C. § 841(a)(1), with the intent to promote the carrying on of that specified unlawful activity, and knowing each transaction was designed to conceal and disguise the nature, the location, the source, the ownership, and the control of proceeds

of the specified unlawful activity, and that while conducting each transaction, knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, with each financial transaction described below constituting a separate count of this Indictment:

| Count | Defendants | Date | Financial Transaction |
|---|---|---|---|
| 25 | TYLER JON LANDROCHE, CHRISTOPHER POMPA-VILLA | September 9, 2019 | Parcel containing $10,000.00 in U.S. Currency sent from the District of Alaska to Tucson, Arizona |
| 26 | TYLER JON LANDROCHE | October 9, 2019 | Parcel containing $3,500.00 in money orders sent from the District of Alaska to Tucson, Arizona |
| 27 | KYLE JAY REDPATH, VICTOR AUGUSTIN POMPA-VILLA | November 4, 2019 | Edeposit of $3,500.00 into Wells Fargo account number xxxxxx5871 |
| 28 | TYLER JON LANDROCHE, VICTOR AUGUSTIN POMPA-VILLA | December 2, 2019 | Edeposit of $900.00 into Wells Fargo account number xxxxxx5871 |

All of which is in violation of 18 U.S.C. § 1956(a)(1)(A)(i), (a)(1)(B)(i).

<u>CRIMINAL FORFEITURE ALLEGATION 1</u>

The allegations contained in Count 2 of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to 18 U.S.C. § 982(a)(1) and 28 U.S.C. § 2461(c).

Upon conviction of the offenses in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A) as set forth in Count 2 of this Indictment, the defendants, RENE ALEJANDRO

POMPA-VILLA, a/k/a "Patna," a/k/a "Christian Alexander Marrero-Ocasio," a/k/a "Felix Berrios," a/k/a "Mario Rodriguez-Albelo," a/k/a "Jorge Arzuaga-Ortiz," and a/ka "Victor Rivera-Diaz," CHRISTOPHER POMPA-VILLA, VICTOR AUGUSTIN POMPA-VILLA, CARLOS ARMANDO CAMACHO, HEYDIMAR CARRION MARRERO, KIMBERLY RENEE MACKEY, DUSTIN ROBERT NOONAN, TYLER JON LANDROCHE, KYLE JAY REDPATH, and JESSICA TWIGG, shall forfeit to the United States any property, real or personal, involved in such offense, or any property traceable to such property. The property to be forfeited includes, but is not limited to, the following:

- $81,165.00 in U.S. Currency seized by the Anchorage Police Department from KIMBERLY RENEE MACKEY at 4301 Piper Street, #2, Anchorage, AK 99508 on or about June 20, 2019, and

- Wells Fargo checking account number xxxxxx5871 in the name of VICTOR A. POMPA-VILLA DBA Victor Pompa Restorations.

If any of the property described above, as a result of any act or omission of the defendant[s]:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value;

e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p).

All pursuant to 18 U.S.C. § 982(a)(1), 28 U.S.C. § 2461(c), and Rule 32.2(a) of the Federal Rules of Criminal Procedure.

CRIMINAL FORFEITURE ALLEGATION 2

The allegations contained in Counts 6, 12, and 14 of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to 18 U.S.C. § 924(d)(1).

Upon conviction of the offenses in violation of 18 U.S.C. § 924(c)(1)(A)(i) as set forth in Count 6, 12, and 14 of this Indictment, the defendants, RENE ALEJANDRO POMPA-VILLA, a/k/a "Patna," a/k/a "Christian Alexander Marrero-Ocasio," a/k/a "Felix Berrios," a/k/a "Mario Rodriguez-Albelo," a/k/a "Jorge Arzuaga-Ortiz," and a/ka "Victor Rivera-Diaz," CHRISTOPHER POMPA-VILLA, VICTOR AUGUSTIN POMPA-VILLA, CARLOS ARMANDO CAMACHO, HEYDIMAR CARRION MARRERO, KIMBERLY RENEE MACKEY, DUSTIN ROBERT NOONAN, TYLER JON LANDROCHE, KYLE JAY REDPATH, and JESSICA TWIGG, and shall forfeit to the United States of America any firearm or ammunition involved in or used in any knowing commission of the offenses.  The property to be forfeited includes, but is not limited to, the following:

- a Hi-Point Model JCP pistol, serial number 740160, and associated ammunition.

- a Ruger SR9c 9mm pistol, serial number 334-10107, and associated ammunition, and

- a 9mm Ruger Security-9 pistol, serial number 381-35066, and associated ammunition.

All pursuant to 18 U.S.C. § 924(d)(1) and Rule 32.2(a) of the Federal Rules of Criminal Procedure.

A TRUE BILL.

s/ Grand Jury Foreperson
GRAND JURY FOREPERSON

s/ Christopher D. Schroeder
CHRISTOPHER D. SCHROEDER
Assistant United States Attorney
United States of America

s/ Karen Vandergaw
KAREN VANDERGAW
Assistant United States Attorney
United States of America

s/ E. Bryan Wilson
E. BRYAN WILSON
Acting United States Attorney
United States of America

Date: _____ March 16, 2021 _____